UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABEL RAYA,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.
_____/

No. C 08-1446 PJH (PR)

**ORDER DENYING HABEAS PETITION**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition will be denied.

## BACKGROUND

In 1985 a Fresno County jury convicted petitioner of second-degree murder. He was sentenced to fifteen years to life in prison. This petition is directed to a denial of parole on September 26, 2006. Petitioner has exhausted these parole claims by way of state habeas petitions.

## DISCUSSION

**I.  Standard of Review**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in

2

light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## II.   Issues Presented

Petitioner contends that there was not "some evidence" to support the denial of parole and that the Board's repeated reliance on the unchanging facts of petitioner's offence, in the face of evidence of rehabilitation, violated due process.

Among other things, respondent contends that California prisoners have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence or right not to have parole denied repeatedly on the basis of the characteristics of the offense. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

### A.   Respondent's Contentions

In order to preserve the issues for appeal, respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d

3

895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

### B. Petitioner's Claims

#### 1. "Some Evidence" Claim

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In. re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

The hearing at issue here was petitioner's ninth. *See* Pet., Ex. A (Board decision, hereafter cited as "Ex. A") at 1. He was received into the prison system in January of 1985, so at the time of the hearing in September of 2006 had served about twenty-one years. He was forty-seven at the time of the hearing. *Id.* at 12.

The Board read into the record the facts set out in the appellate decision in petitioner's case. *Id.* at 7-8. Petitioner shot the victim in a bar in Sanger, California. The victim was described at trial "as a loud-mouthed bully and regular bar patron." *Id.* at 7.

4

Both petitioner and the victim were very drunk; petitioner had drunk at least seventeen beers. *Id.* The victim told petitioner to stop dancing with a particular woman, and that if he did not he would be killed. *Id.* The victim motion to his waistband as if he had a weapon, but petitioner never actually saw a weapon, and also told petitioner that if the victim did not kill him, others in the bar would. *Id.* The facts as read into the record by the Board included that petitioner then went out to his car and got his gun, but petitioner claimed at the parole hearing that he had the gun all along. *Id.* at 8, 10. Petitioner returned to the bar, opened the door with one foot, and fired four shots, hitting the victim, and fled. *Id.* at 8. He was arrested near Sacramento for driving under the influence. *Id.* at 7.

In denying parole, the Board rejected petitioner's theory that the offense was at least in some sense self-defense, and concluded that it was committed in a cruel and callous manner and for a trivial motive. *Id.* at 43-44.

Petitioner also had one serious disciplinary conviction, in 1989, and had two minor violations in 2002, four years before the hearing. *Id.* at 24-25. Although the Board previously had told petitioner to at least take the test to get his GED, petitioner had not done so. *Id.* at 18-19. Finally, petitioner had regularly attended AA classes, but had not attended any other self-help programs. *Id.* at 46.

These factors – the facts of the offense, petitioner's disciplinary record, his failure to take the GED test, and his failure to engage in other self-help programs – are sufficient to constitute "some evidence" in support of the denial. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232–33 (9th Cir. 2005) (facts of the offense and psychiatric reports about the would-be parolee sufficient to support denial). Because there was no constitutional violation, the state courts' denial of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

### 2. "Biggs Claim"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd.*

*of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled. This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process. As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, — (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)).

Depending on whether the discussion of dictum in the dissent from denial of rehearing en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here, petitioner's first issue is a "*Biggs* claim," in that he contends that simply using the circumstances of his offense as grounds for denial for the second time violates due process, separate from his "some evidence" claim, which is issue two, below.

Petitioner has failed to establish the predicate for his *Biggs* claim. For one thing, petitioner's parole was not denied solely because of the circumstances of his offense, but also because of his failure to "upgrade educationally" in prison, his disciplinary record, and

6

his failure to participate in sufficient self-help programs. And in any case, assuming for purposes of this discussion that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly denied on the basis of the facts of one's crime and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because as there is no clearly-established United States Supreme Court authority recognizing a "*Biggs* claim." The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 26, 2010

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\RAYA1446.RUL.wpd